(No. 5474

MARILYN KIRKLAND, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 24, 1972.*

GILLESPIE, BURKE AND GILLESPIE, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

PER CURIAM.

On January 3, 1966, the claimant, Marilyn Kirkland, was appointed as a court reporter for the Seventh Judicial Circuit of Illinois by Chief Judge Creel Douglass. Her appointment was made pursuant to the Court Reporters Act, Ch. 37, Sec. 651-659, Ill.Rev.Stat, 1965. On the same

day, January 3, 1966, claimant took the official oath as required by statute and served as a court reporter from January 3, 1966, until January 16, 1968, when she resigned her position.

Section 657 of the Court Reporters Act provided that each court reporter in office on January 1, 1966, or appointed on or after that date, must take a test to determine his or her proficiency. The statute provides that the proficiency test shall consist of two parts, designated Part A and Part B.

During the month of February, 1966, claimant took and passed Part B of the proficiency test provided for by statute. Thereafter, under the provisions of Section 658 of the Court Reporters Act, claimant was paid a salary of $6,-000.00 per year in monthly installments of $500.00.

On February 16, 1967, claimant took and passed Part A of the proficiency test, and was so notified by letter on March 1, 1967. Section 658 of the Court Reporters Act provides that Class A court reporters shall receive a salary of $9,000.00 per year.

Claimant's complaint alleges that from March 1, 1967, until January 16, 1968, when she resigned as a court reporter for the Seventh Judicial Circuit of the State of Illinois, the respondent, State of Illinois, failed and refused to pay claimant a salary of $9,000.00 per year in monthly installments of $750.00, but continued to pay her a salary of a Class B court reporter, namely $6,000.00 per year in monthly installments of $500.00. The claimant seeks damages in the sum of $2,625.00, which represents the difference in the statutory salaries of a Class A and a Class B court reporter for the period beginning March 1, 1967, and ending January 16, 1968.

The record in this case reveals that all of the allegations

of claimant's complaint were supported by the testimony of claimant.

Respondent introduced no witnesses or evidence at the hearing. However, the record contains a departmental report and answers to interrogatories filed by the claimant. The defense to the claim appears to be that after claimant took and passed Part A of the proficiency examination, thereby qualifying as a Class A reporter, she waived her right to receive the $9,000.00 per year salary in a conversation with Chief Judge Creel Douglass, who had been asked by the Director of the Administrative Office of the Illinois Courts to see if claimant and another court reporter who had passed Part A of the examination would work for $6,-000.00 per year, although both were classified as Class A reporters. Such waiver was emphatically denied by claimant during the hearing, and no evidence was introduced to support the alleged waiver.

Although respondent alleges further that it was the policy of the Illinois Supreme Court after August, 1966, to pay $9,000.00 per year, to court reporters who passed Part A of the proficiency examination if they reported for a Circuit Judge, or if they worked full time on a reasonably heavy trial schedule of reasonably difficult cases, and if there were limited Class A openings, there is no statutory basis for this position. The applicable statute provides as follows:

"Salaries. §8. The salaries of all court reporters shall be paid by the state. Class A reporters shall receive $9000 per year, and Class B reporters shall receive $6000 per year. The salaries shall be paid monthly on the voucher of the Supreme Court." (Ill.Rev.Stat. c.38 §658.)

In August, 1967, effective January 1, 1968, that portion of the Statute was amended to provide that the Director of the Administrative Office of the Illinois Courts may set up a salary schedule for each individual court reporter which

reflects the "following relevant factors: (1) proficiency rating; (2) experience; (3) population of the area to which a reporter is normally assigned; (4) the types of cases and the number of each type of case to which a reporter is regularly assigned; (5) other factors considered relevant by the Director."

Respondent cites the Illinois Constitution, Article IV §19, and the claimant cites the Illinois Constitution, Article V §23, the former prohibiting extra compensation to public servants after service is rendered and the latter providing that a state officer's salary may not be diminished during his term of office. Neither provision appears applicable to the instant case.

The 1965 statutory language does not qualify the right of a Class A reporter to receive the $9,000.00 per year salary prescribed. From March 1, 1967, until January 1, 1968, the date the amended provision took effect, claimant is entitled to the extra $250.00 per month which was authorized for all Class A reporters.

Claimant is hereby awarded the sum of $2,500.00.